UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZAPPOS.COM, INC.,          )<br>          Plaintiff,          )<br>                              )<br>     vs.                    )<br>                              )<br>CHARLES E. HILL & ASSOCIATES, INC., )<br>          Defendant.         ) | 1:06-cv-1282-LJM-JMS |

### ORDER ON DEFENDANT'S MOTION TO DISMISS OR TRANSFER

Now before the Court is defendant's, Charles E. Hill & Associates, Inc. ("Hill"), Motion to Dismiss or Transfer Zappo's Declaratory Judgment Action to the Eastern District of Texas. The instant suit is a declaratory judgment action in which plaintiff, Zappos.com, Inc. ("Zappos"), seeks a declaration that it does not infringe Hill's patents, U.S. Patent Nos. 5,528,490 (the "'490 patent"), 5,761,649 (the "'649 patent"), and 6,029,142 (the "'142 patent") (collectively, the "patents in suit"), and that the '490 patent is either invalid or unenforceable. Hill contends that because it filed a Second Amended Complaint in its action pending in the U.S. District Court for the Eastern District of Texas adding Zappos as a defendant on August 23, 2006, and Zappos filed the instant declaratory judgment action on August 25, 2006, this Court should decline to exercise jurisdiction over Zappos' declaratory judgment claims. In the alternative, Hill argues that the Court should transfer this cause to the Eastern District of Texas. Zappos opposes the motion.

For the reasons stated herein, the Court **DENIES** Hill's motion to dismiss or transfer.

## I. BACKGROUND

On May 4, 2006, the Eastern District of Texas entered a final stipulation of dismissal in a patent infringement action Hill had filed there against Amazon.com and other e-commerce defendants. By letter dated May 5, 2006, Hill sent a letter to Zappos that outlined information about the content of its patents, their file histories, selective pleadings in law suits in this Court and in the Eastern District of Texas, a summary of the licensees and coventees of Hill under the patents in suit, and a summary of the extent to which Hill had litigated its right to the exclusive use of the patented technology. Abele Decl. ¶¶ 5-6 & Abele Decl. Exh. B. In addition, the letter requested that Zappos take a license of the patents in suit and respond by May 29, 2006. Abele Decl. Exh. B. Included with the letter was a proposed licensing agreement. *Id.*

On May 19, 2006, Zappos contacted Hill's representative to request additional time to respond to the license request. Abele Decl. ¶ 8. The parties agreed to extend the time until June 30, 2006; said date was confirmed via letter dated May 19, 2006. *Id.*; Abele Decl. Exh. C. On June 26, 2006, the parties orally agreed to a further extension until September 1, 2006. Abele Decl. ¶ 10. Said extension was confirmed via e-mails between the parties. *Id.*; Abele Decl. Exh. D.

On May 24, 2006, Crutchfield New Media, LLC ("Crutchfield") filed a declaratory judgment action against Hill in this Court seeking the same relief sought by Zappos in the instant suit. Abele Decl. ¶ 12 & Exh. E.

On June 30, 2006, Hill filed a complaint in the Eastern District of Texas (the "Texas Court") against a number of Internet retailers including Crutchfield. Abele Decl. ¶¶ 15-16 & Exh. F. The complaint alleged that each Internet retailer infringed the patents in suit. Abele Decl. Exh. F.

On August 1, 2006, Hill amended its complaint in the Texas Court as a matter of course, adding Footlocker.com as a defendant. Abele Decl. ¶ 18.

On August 18, 2006, Zappos contacted Hill to inform it that Zappos would respond to Hill's request for a license by the September 1, 2006; Zappos also explored negotiations with Hill at that time. *Id.* ¶ 20. Hill, by counsel, indicated to Zappos at that time that it would contact Zappos in the following week about the possibility of a licensing agreement. *Id.*

On August 23, 2006, without seeking leave of the court, Hill filed a Second Amended Complaint in the Texas Court, which added Zappos as a defendant in that action. *Id.* ¶ 21. Hill did not seek leave of Zappos to make the amendment. *Id.*

Crutchfield has filed a motion to dismiss or transfer the Texas case to this District; said motion is still pending. In addition, the Texas Court has not issued a Docket Control Order in the Texas case nor granted Hill leave to file its Second Amended Complaint. Abele Decl. ¶ 22, 27.

## II. DISCUSSION

Hill argues that the filing of its Second Amended Complaint in the Texas Court on August 23, 2006, put Zappos on notice that it faced legal action and there was no reason for Zappos to file its own declaratory judgment action. Hill contends that Zappos used the Declartory Judgment Act for improper purposes, therefore, its complaint should be dismissed. In the alternative, Hill claims that the Court should transfer this action to the Texas Court pursuant to the first-filed doctrine and 28 U.S.C. § 1404.

To the contrary, Zappos contends that because Hill did not follow the requirements of Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") and there has been no order granting Hill leave to file

the Second Amended Complaint, Zappos' declaratory judgment action, and by association, Crutchfield's declaratory judgment action are first-filed. In addition, the factors under § 1404 favor jurisdiction in this Court and transfer is not warranted.

In *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 746 (2007), the Supreme Court held that a district court has jurisdiction over a patent declaratory judgment case to the extent allowed by Article III of the United States Constitution. *Id.* at 771-73. In other words, "the question in [this] case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 771. Recently, the Federal Circuit has recognized that this is a change for its own prior jurisprudence. *Teva Pharm. USA, Inv. v. Novartis Pharms. Corp.*, ___ F.3d ___, No. 06-1181, 2007 WL 942201, at *4 (Fed. Cir. Mar. 30, 2007); *Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007). In fact, the *Sandisk* court specifically held

> that where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights.

480 F.3d at 1381.

With respect to transfer, for patent cases this Court follows the law of the Federal Circuit, which applies "the general rule favoring the forum of the first-filed case, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise.'" *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, (Fed. Cir. 2005) (quoting *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993)). Factors that weigh into the analysis of whether to follow

4

the rule include whether a party intended to preempt another's infringement suit and "'the convenience and availability of witnesses, or the absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations related to the real party in interest.'" *Id.* (quoting *Genentech*, 998 F.2d at 938; citing *Serco Servs., Co., L.P. v. Kelley Co.*, 51 F.3d 1037,1040 (Fed. Cir. 1995)).

Under the circumstances presented here, the Court concludes that application of the first-to-file rule in this case is unjust and considerations of judicial and litigant economy favor this Court's exercise of jurisdiction over Zappos' declaratory judgment action. First, there is no evidence that Hill followed the appropriate procedure for adding Zappos as a defendant when it filed its Second Amended Complaint. In light of the fact that, at the time it filed its Second Amended Complaint, Hill had given Zappos the impression that it would enter into licensing negotiations pursuant to Hill's May 2006 offer letter, Hill's failure to file its amendment properly leaves the impression that Hill was the one "rushing to the courthouse" to chose its own favorable forum. Second, there has been no ruling by the Texas Court on Hill's subsequently-filed motion for leave to file its Second Amended Complaint. As such, it is difficult to see how Hill's claims against Zappos could be said to be first-filed. Under these circumstances, it is the best interests of the Court and the parties for the Court weighs the other factors to decide whether transfer is appropriate.

Hill contends that the Texas Court is the better forum for it because that court more recently addressed the relevant patent issues than this Court. Although the Court agrees that the Texas Court has more recent experience with the patents in suit, there is no reason that this Court cannot quickly refamiliarize itself with Hill and the patents in suit. Neither court has an advantage with respect to

Zappos, or with respect to Crutchfield. In this respect, either court is relatively equally able to dispense justice.

Hill virtually ignores the convenience of the witnesses factor, although it points out that its headquarters is now located in the Eastern District of Texas. Zappos has presented evidence that Charles Hill, the primary witness for Hill, lives within 100 miles of the Indianapolis courthouse. Moreover, Hill's counsel is located in Indianapolis. Furthermore, the Indianapolis courthouse is located in closer proximity to an airport than the Texas Court, which makes the Indianapolis location more convenient for Zappos, a California company with its principal place of business in Nevada, and its witnesses.

Furthermore, by order dated May 4, 2007, this Court has retained jurisdiction over the Crutchfield declaratory judgment action and in the interests of judicial economy, there is no reason that this case and the Crutchfield case could not be consolidated. Currently pending before the Texas Court is Crutchfield's motion to transfer Hill's suit to this jurisdiction. Were the Texas Court to decide that transfer is appropriate, this Court could effectively consolidate all the relevant cases to the extent possible.

The Court concludes that in the interests of justice, this Court should retain jurisdiction over Zappos' declaratory judgment action and deny Hill's motion to dismiss or transfer.

### III.  **CONCLUSION**

For the foregoing reasons, defendant's, Charles E. Hill & Associates, Inc., Motion to Dismiss or Transfer Zappo's Declaratory Judgment Action to the Eastern District of Texas is **DENIED**.

IT IS SO ORDERED this 4th day of May, 2007.

                                                                          _____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

April E. Abele
TOWNSEND AND TOWNSEND AND CREW, LLP
aeabele@townsend.com

R. Trevor Carter
BAKER & DANIELS
trevor.carter@bakerd.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

James Dimos
LOCKE REYNOLDS LLP
jdimos@locke.com

Stacy L. Prall
BAKER & DANIELS
slprall@bakerd.com